UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAUL CONWAY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:11-CV-2247 NAB |
| | ) |
| PENNY MILBURN, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court[1] upon Petitioner Paul Conway's ("Conway") *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. 1.] Respondent Penny Milburn filed a Response to Order to Show Cause asserting that the petition is time barred. [Doc. 5.] Petitioner Conway filed a Traverse to Respondent's Response to this Court's Show Cause Order. [Doc. 8.]

**I.    BACKGROUND**

Conway pled guilty to eight counts of the class C felony of burglary in the second degree and eight counts of the class C felony of stealing over $500. (Resp't. Ex. A. at 34-40, 85, 149.) Before sentencing, Conway was screened for a long-term drug program pursuant to Mo. Rev. Stat. § 217.362. The trial judge informed Conway that if he was accepted into the program and did not complete it, he would receive a fifteen year sentence and a seven year sentence to be served consecutively. *Id.* at 101-103, 109.

Under § 217.362 a non-violent offender participates in an institutional drug or alcohol treatment program for up to two years and execution of the offender's sentence is suspended

---
[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

pending completion of the program. Mo. Rev. Stat. § 217.362(2). If an offender successfully completes the program, the Board of Probation and Parole advises the sentencing court that the offender will be released within thirty (30) days and the sentencing court may allow the release or order the execution of the offender's sentence. Mo. Rev. Stat. § 217.362(3). If the offender does not successfully complete the program or is not cooperatively participating in the program, the offender will be removed from the program and the sentencing court will be advised of the same. Mo. Rev. Stat. § 217.362(4). If the offender fails to complete the program, he will serve the sentence originally ordered by the court and void the right to be considered for probation on that sentence. Mo. Rev. Stat. § 217.362(4).

Conway was sentenced on November 20, 2008 and he was admitted into the long-term drug treatment program. He successfully completed more than nine months of the program, but he alleges that he was kicked out of the program for eating more than his daily food ration while working in the kitchen. (Resp't. Ex. A. at 154.) After being expelled from the program, Conway was sentenced to twenty-two years in the Missouri Department of Corrections. *Id.* at 154-55. On March 10, 2010 Conway filed a motion for post-conviction relief, pursuant to Mo. Sup. Ct. R. 24.035, alleging that he did not "knowingly and voluntarily" plead guilty to the twenty-two year sentence. (Resp't Ex. A at 119-142.) The trial court denied the post-conviction relief motion. (Resp't Ex. A at 168-178.) The Missouri Court of Appeals affirmed the trial court's denial of Conway's post-conviction motion. (Resp't Ex. D.)

In his Petition for a Writ of Habeas Corpus, Conway raised one ground for relief. He claims that his guilty pleas were unknowing, unintelligent, and involuntary because they were based on a mistaken belief that was reasonable. (Resp't. Ex. A. at 153-54.) Conway believed that if he failed to successfully complete the long-term drug treatment program, the plea court

would impose a sentence of 15 years. *Id.* In response to this Court's Order to Show Cause, Respondent requests the Court to dismiss the instant petition arguing that the petition is untimely filed pursuant to 28 U.S.C. § 2244(d)(1) inasmuch as direct review of Petitioner's conviction and sentence concluded more than one year prior to the filing of the instant petition. [Doc. 5.] Conway counters that his sentence was not imposed on November 20, 2008. [Doc. 8.] He states that the 22 year sentence in the Missouri Department of Corrections was entered in September of 2009. For the following reasons, Respondent's argument is well taken. [Doc. 5.]

## II. DISCUSSION

AEDPA provides for a one-year statute of limitations for the filing of a federal habeas petition by a state prisoner, with the limitations period beginning on the latest of four dates, including the date relevant here: the date on which the state conviction which the petitioner challenges "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2]

In Missouri, a judgment in a criminal case becomes final when sentence is entered. *State v. Arnold,* 230 S.W.3d 353, 354 (Mo. Ct. App. 2007). Here, Conway was sentenced on November 20, 2008 and he did not appeal his conviction[3] therefore his conviction became final on the date his judgment and sentence was entered. *State v. Romeiser*, 46 S.W.3d 656, 657 (Mo. Ct. App. 2001). In Missouri, a prisoner has ten days to file a notice of appeal from the date the

---

[2] The other three dates, none of which apply here, are: (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(B)-(C).

[3] An appeal from a guilty plea is not the proper time to present federal constitutional claims in state court as "[i]t is well settled that in a direct appeal from a guilty plea, th[e Missouri appellate] court's review is restricted to the subject-matter jurisdiction of the trial court or the sufficiency of the information or indictment." *State v. Goodues*, 277 S.W.3d 324, 326 (Mo.Ct.App.2009); *accord State ex rel. Simmons v. White*, 866 S.W.2d 443, 446 n.4 (Mo.1993) (en banc).

3

criminal judgment is rendered. *Id.* As a result, the one-year period for filing his federal habeas petition began to run on November 30, 2008, and Conway's federal petition was due one year later on November 30, 2009. Conway filed a post-conviction relief motion on March 10, 2010. In addition, he filed his habeas petition on December 21, 2011, well beyond the statute of limitations period.

Under 28 U.S.C. § 2244(d)(2), the one-year limitation period for filing a habeas petition is tolled while "a properly filed application for State post-conviction or other collateral review ... is pending." *Williams v. Bruton,* 299 F.3d 981, 982 (8th Cir. 2002). The pendency of post-conviction review includes the time between the trial court's denial of post-conviction relief and the filing of an appeal from the denial, *Beery v. Ault,* 312 F.3d 948, 950 (8th Cir. 2002); and the time during the appeal process up through and including the date upon which the court of appeals issues its mandate. *Payne v. Kemna,* 441 F.3d 570, 572 (8th Cir.2006). It is not pending, "between the date direct review concludes and the date an application for state post-conviction relief is filed." *Painter v. Iowa,* 247 F.3d 1255, 1256 (8th Cir.2001). However, an inmate is not entitled to tolling for post-conviction actions filed after the limitations period has expired. *Cross Bey v. Gammon*, 322 F.3d 1012, 1014 (8th Cir. 2003).

In this case, the limitations period had expired before Conway filed his petition for post-conviction relief. *See, e.g., Cross–Bey*, at 1014; *Painter,* 247 F.3d at 1256 (holding that when petitioner filed his state-court application for post-conviction relief, there was no federal limitations period remaining to toll, and thus his federal petition was properly dismissed as time-barred). Nothing prevented Petitioner from filing a federal habeas action on time. Under Missouri law, when he was sentenced to the long term drug treatment program he was committed to the custody of the Missouri Department of Corrections (Resp't. Ex. A. at 67-77.) *See Searcy*

*v. State*, 103 S.W.3d 201, 206 (Mo. Ct. App. 2003) (the language of § 217.362 that the execution of the offender's term of incarceration shall be suspended pending completion of said program does not indicate that while in treatment one is not serving a sentence of incarceration). He was therefore "in custody" pursuant to the judgment of the Missouri court for purposes of § 2254 during the one year following the date those convictions became final and during this time he could have challenged his future confinement. *See* 28 U.S.C. § 2254(b) (one year limitation period applies to habeas corpus petitions by persons in custody pursuant to the judgment of a state court).

## III. CONCLUSION

For the reasons set forth above, the court finds that the petition is time-barred and will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Doc. 1] is **DISMISSED** pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

**IT IS FURTHER ORDERED** that for the reasons stated herein, any motion by Paul Conway for a Certificate of Appealability will be **DENIED**.

An appropriate Order of Dismissal/Judgment shall accompany this Memorandum and Order.

Dated this 31st day of October, 2014.

/s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE